# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| SAPHIRA ANDRE<br><br>      Plaintiff,<br><br>v.<br><br>WALGREEN COMPANY,<br>WALGREEN EASTERN COMPANY<br><br>     Defendants. | Civil Action No.:<br>2:12-CV-5413-ES-SCM<br><br><br>**OPINION AND ORDER ON<br>PLAINTIFF'S CROSS-MOTION FOR<br>LEAVE TO AMEND HER COMPLAINT**<br><br>**[D.E. 9]** |

## I.   <u>INTRODUCTION</u>

Before the Court is plaintiff Saphira Andre's ("Plaintiff") Cross-motion for leave to amend her Complaint. (Docket Entry ("D.E.") 9). Plaintiff filed this Cross-Motion as part of her Opposition to Defendants Walgreen Company and Walgreen Eastern Company's ("Defendants" or alternatively "Walgreen") previously filed Motion to Dismiss Counts One, Four, Five and Six of Plaintiff's Complaint. (D.E. 4). In seeking to amend Counts One and Four of her Complaint and to add an additional claim (Count Five of the Proposed Amended Complaint), Plaintiff is attempting to cure the (alleged) defects to her pleading (without conceding that her Complaint is deficient) and thereby

1

defeat, or alternatively, render partially moot Defendants' above-referenced Motion to Dismiss (with respect to Counts One and Four of the Complaint).[1]   It is worth noting here that because Plaintiff's Cross-motion also serves as an opposition to Defendants' Motion to Dismiss and therefore contains arguments opposing Defendants' attempt to dismiss Counts Five and Six of her Complaint.

This Opinion only addresses the arguments in Plaintiff's Cross-motion and Defendants' Reply/Opposition that relate to the counts of the Proposed Amended Complaint that Plaintiff seeks to amend (Counts One, Four and Seven) and add (Count Five). Notwithstanding the fact that a ruling on the instant Motion has the potential to effectively render Defendants' Motion to Dismiss as moot in part, the undersigned is mindful that any decision regarding Defendants' Motion to Dismiss Count Six of Plaintiff's Proposed Amended Complaint (formerly Count Five) remains in the exclusive jurisdiction of the District Judge.

---

[1] Defendants' Motion to Dismiss was administratively terminated by the District Judge, pending the Magistrate Judge's decision on the instant Motion. *See* (D.E. 11).

## II.   <u>BACKGROUND</u>

On July 24, 2012, Plaintiff filed a six count Complaint in the Superior Court of New Jersey, Law Division (Union County) in which Plaintiff alleged that Defendants wrongfully suspended and subsequently terminated her from her position as a licensed pharmacist upon discovering that she was facing criminal charges (unrelated to her employment) in Pennsylvania. (Docket Entry ("D.E.") 1-1, Plaintiff's Complaint).   Defendants removed this case to the District Court on August 28, 2012.[2] (D.E. 1, Notice of Removal ("NOR")). On September 14, 2012, Defendants filed a Motion to Dismiss *in lieu* of an Answer pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 4, Defendants' Motion to Dismiss).   In their Motion to Dismiss, Defendants assert that Counts One, Four, Five and Six of Plaintiff's Complaint should be dismissed; Defendants did not move to dismiss Counts Two and Three of the Complaint. (*Id*. at p. 5). Plaintiff filed a Cross Motion for leave to file an Amended Complaint on October 22, 2012, in opposition to Defendants' Motion to Dismiss. (D.E. 9,

---

[2] Removal of the instant action is predicated on diversity jurisdiction, codified in 28 U.S.C. § 1332(a)(1), as plaintiff (a citizen of New Jersey) and Defendants (citizens of New York or alternatively Illinois) are citizens of different states. (*See* D.E. 1, ¶¶ 5, 6).

Plaintiff's Opposition to Defendants' Motion to Dismiss and Cross-motion for Leave to Amend the Complaint ("Cross-motion")).

The Proposed Amended Complaint, submitted by Plaintiff with her Cross-motion, contains seven counts. (D.E. 9-3, Plaintiff Proposed Amended Complaint). The Proposed Amended Complaint seeks to amend the Complaint as follows: Counts One and Four of the Proposed Amended Complaint contain various substantive amendments [*see* D.E. 9-3, ¶¶ 16-20]; Count Four of the Proposed Amended Complaint contains one substantive amendment [*see* D.E. 9-3, ¶ 36]; Count Five of the Proposed Amended Complaint is new [*see* D.E. 9-3, ¶¶ 38-40; Count Six of the Proposed Amended Complaint is identical to Count Five of the Complaint [*See* D.E. 9-3, ¶¶ 41-42]; and Count Seven of the Proposed Amended Complaint adds one factual allegation to Count Six of Complaint. (*See* D.E. 9-3, ¶ 44).

On November 9, 2012, Defendants filed a Reply Brief in further support of their Motion to Dismiss and in opposition to Plaintiff's Cross-motion. (D.E. 10, Defendants' Reply and Opposition to Plaintiff's Opposition/Cross-motion ("Reply")). In their Reply, Defendants argue, in support of denying plaintiff leave to amend her Complaint, that Counts One, Four and Seven of Plaintiff's Proposed Amended Complaint are futile,

4

i.e., fail to state a viable cause of action.[3] For the purposes of clarity, Plaintiff's claims and amendments as articulated in her Complaint vis-à-vis her Proposed Amended Complaint are summarized below in tabular form:

| Claims/Counts in Π's Complaint | Claims/Counts in Π's Proposed Amended Complaint |
|---|---|
| **Count 1:** Π asserts that her suspension was a violation of her constitutional rights. | **Count 1:** Amended to allege that Π's suspension was in violation of the public policy of NJ and USA (public policy being persons are innocent until proven guilty) |
| **Count 2:** Π asserts a claim for Promissory Estoppel based upon alleged promises Walgreen made to re | **Count 2:** Same as in Complaint (no substantive changes) |
| **Count 3:** Π asserts factual allegations in support of Promissory Estoppel claim. | **Count 3:** Same as in Complaint (no substantive changes) |
| **Count 4:**<br>Π alleges that her *termination* was reckless and negligent. | **Count 4:**<br>Amended to allege that the *representations* made by Walgreen were reckless and negligent. |
| **Count 5:**<br>Π asserts a claim for Intentional Infliction of Emotional Distress. | **Count 5:** New Claim – Π alleges that misrepresentations made by Walgreens were intentional and made to induce Π to forego seeking other employment and/or to forego collecting unemployment compensation |
| **Count 6:** Π alleges that Walgreen's actions were egregious, wanton and willful thereby justifying demand | **Count 6:** Same as Count 5 from Complaint (no substantive changes) |

---

[3] Defendants also argue that count six of the Proposed Amended Complaint (a claim for Intentional Infliction of Emotional distress) should be dismissed due to the factual allegations, as pled, being legally insufficient to sustain this cause of action. However, as explained *supra*, a decision whether or not to dismiss Count Six of the Proposed Amended Complaint is not within the Magistrate Judge's jurisdiction; therefore, this opinion does not address the parties' arguments regarding whether Count Six should be dismissed.

| for punitive damages | **Count 7:** <u>Amended</u> to include averments in ¶ 44 of the Proposed Amended Complaint |
|---|---|
| | |

## III. <u>DISCUSSION</u>

Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendments to pleadings, provides, in relevant part:

(1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  The federal rules liberally allow for amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and provide that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotations marks omitted).

Under Rule 15, the decision to permit an amendment rests in

6

the sound discretion of the Court. *See id.; Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981). The United States Supreme Court has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *See Foman*, 371 U.S. at 182; *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (stating that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust"). Stated differently, absent undue delay, substantial prejudice, a dilatory motive or bad faith, leave to amend should be granted unless the proposed amendment(s) would be futile. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Given the fact that Defendants have not alleged any undue delay, dilatory motive, undue prejudice or bad faith by the Plaintiff; and considering that this Court's own review of the record in this case has not revealed any such actions by Plaintiff, the decision on Plaintiff's Cross-motion for leave to amend necessarily turns on whether Counts One, Four, Five and Seven of her Proposed Amended Complaint survive a futility analysis. What follows is a futility analysis of each of the afore-referenced proposed amendments.

**a.   Futility**

"Futility" means that a proposed amendment to a pleading fails to state a claim upon which relief could be granted. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3rd Cir. 1997). A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck*, 133 F.R.D. 462, 468 (D.N.J. 1990) (internal citations and quotations marks omitted). In determining whether an amendment is futile or "insufficient on its face," the Court employs the same standard that is applied under a Rule 12(b)(6) motion to dismiss. *Burlington*, *supra*, 114 F.3d at 1434.

Under a Rule 12(b)(6) analysis, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion, but "a [pleader's] obligation to provide the grounds of his entitlement to relief requires more than labels[,] . . . conclusions, and a formulaic recitation of the elements of a cause of action" and demands that the "[f]actual allegations . . . be enough to raise a right to relief above the speculative level . . . on the

8

assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id*. at 555 (internal quotation marks omitted).

A two-part analysis determines whether this standard is met. *Fowler*, 578 F.3d at 210 (interpreting *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S.Ct. 1949). First, a court separates the factual and legal elements of a claim. *Fowler*, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the court may disregard any legal conclusions. *Id*. at 210; *Iqbal*, 556 U.S. at 667 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement") (internal quotations marks and alterations omitted).

Second, a court must determine whether the complaint articulates "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord*, *Fowler*, 578 F.3d at 211. As the Supreme Court instructed in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 667. Although this is

9

not a "probability requirement," the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct" to make a showing of entitlement to relief. *Id*. at 1949-50 (internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Finally, while Rule 8(a) establishes a liberal pleading standard that does not require detailed factual allegations, plaintiff is required to state facts - accepted as true at this stage - that are consistent with a legal theory that would entitle her to relief. Here, Counts One, Four and Seven of Plaintiff's Proposed Amended Complaint fail to state a legally cognizable theory which could render defendants liable. Each proposed amended claim is discussed, in turn, below.

### 1)   Count One

Count One of plaintiff's Proposed Amended Complaint seeks to hold defendants liable for suspending and then ultimately terminating her from her position as a licensed pharmacist[4]

---

[4] Although not explicitly stated in her submissions, this Court views Plaintiff's and Defendants' former employment relationship as being "at-will," as there is a presumption in favor of at-will employment in the state of New Jersey. Absent an employment contract, an employee is terminable at the will of

10

because she was found to be facing criminal charges in Pennsylvania. More specifically, plaintiff avers that she was wrongfully suspended and terminated in violation of public policy- the public policy being that persons are innocent until proven guilty in a court of law, i.e., the presumption of innocence in criminal proceedings. Thus, the question for this Court in assessing the legal sufficiency of Count One of plaintiff's Proposed Amended Complaint is whether under New Jersey law,[5] a plaintiff-employee may sustain a cause of action against a defendant-employer for wrongful suspension and/or termination of employment in violation of the public policy of "innocent until proven guilty."

---

her employer. *See Witkowski v. Thomas J. Lipton, Inc.,* 136 *N.J.* 385, 398, 643 *A.*2d 546 (1994).

[5] Based on the Erie Doctrine, this Court must apply the substantive law of New Jersey in assessing the viability of plaintiff's proposed amended claims. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996)(Federal diversity jurisdiction provides alternative forum for adjudication of state-created rights, but it does not carry with it generation of rules of substantive law; except in matters governed by the Federal Constitution or by Acts of Congress, law to be applied in any case is the law of the state); *Chin v. Chrysler LLC*, 538 F.3d 272 (3d Cir. 2008)(When district court's jurisdiction is predicated on diversity of parties, or when court hears state-law claim based on its supplemental jurisdiction, if matter is substantive, court must apply forum state's substantive law); 28 U.S.C.A. § 1652 ("The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply").

In support of the viability of the above-described cause of action, plaintiff relies on *Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J. 58, 417 A.2d. 505 (1980). *See* D.E. 9-2, p. 4; Plaintiff's Opposition and Moving Brief ("Pl. Brf."). In *Pierce*, the Supreme Court of New Jersey examined whether, based on a medical doctor's refusal to continue a project that she viewed as medically unethical, the defendant-employer could be held liable for terminating the plaintiff-employee. *Pierce*, *supra*, 84 N.J at 506. In establishing an exception to the long-standing common law rule that absent an employment contract, employers or employees are free to terminate an at-will employment relationship with or without cause (*Schlent v. Lehigh Valley R.R. Co.*, 1 N.J. 131, 135, 62 A.2d 380 (1948)), the *Pierce* court held:

> …an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy. The sources of public policy include legislation; administrative rules, regulations or decisions; and judicial decisions. In certain instances, a professional code of ethics may contain an expression of public policy… Absent legislation, the judiciary must define the cause of action in case-by-case determinations.

*Pierce* at 512. The court contextualized this "public policy exception," opining: "Employees who are professionals owe a special duty to abide not only by federal and state law, but also by the recognized code of ethics of their professions. That

12

duty may oblige them to decline to perform acts required by
their employers." *Id*.  Here, the court makes it clear that the
public policy exception is designed to prevent employers from
using the right of discharge as a means of oppression and/or
coercion. The *Pierce* court further opined that:

> An employee who is wrongfully discharged may maintain
> a cause of action in contract or tort or both. An
> action in contract may be predicated on the breach of
> an implied provision that an employer will not
> discharge an employee for refusing to perform an act
> that violated a clear mandate of public policy. An
> action in tort may be based on the duty of an employer
> not to discharge an employee who refused to perform an
> act that is a violation of a clear mandate of public
> policy.

*Id*.  Once again, it is clear that the type of public policy
violation contemplated in *Pierce* involves instances where an
employer attempts to coerce an employee into violating an
established public policy during the course of the employee's
employment or where an employee is discharged in retaliation for
exposing the employer's violation of a clearly established
public policy. *See Chelly v. Knoll Pharmaceuticals*, 295
N.J.Super. 478, 488 (App. Div. 1996)(A discharged at-will
employee who claims wrongful termination under *Pierce* must
identify "a clear mandate," that is a clear "specific
expression" of public policy that has been violated by the
employer and in response to which the employee had taken the

action that has prompted his discharge). The *Pierce* court expressed confidence that the framework it established for applying the public policy exception, as summarized herein, would "provide a workable means to screen cases on motions to dismiss for failure to state a cause of action or for summary judgment." *Pierce* at 513.

In applying the *Pierce* public policy exception standard to the case at bar, it is evident that the putative public policy that plaintiff asserts in her Proposed Amended Complaint is not of the nature contemplated by the *Pierce* court. Plaintiff was not suspended and ultimately terminated as a result of her refusing to violate a well-established public policy mandate in the course of her employment. As plaintiff herself states in her submissions to this court, she was suspended and terminated for reasons entirely unrelated to her employment and/or professional obligations. *See* (D.E. 9-3, ¶¶ 11-17). Consequently, defendant's decision to terminate the employment relationship was not derived from the kind of potentially oppressive or coercive action that the *Pierce* court sought to protect employees from by establishing the public policy exception to the general rule that at-will employment may be terminated by either party with or without cause.

14

While this Court is confident that plaintiff's putative wrongful termination claim via violating the public policy of "innocent until proven guilty" was not contemplated by and is not encompassed in the *Pierce* public policy exception, before concluding that plaintiff's proposed claim is futile, this court must determine that this suggested cause of action has not been clearly established elsewhere in New Jersey law. Aside from *Pierce*, discussed *supra*, plaintiff has not cited any New Jersey cases or cases from this circuit applying New Jersey law that have recognized a cause of action for wrongful termination where an employee was suspended and/or terminated as a result of being charged with unrelated crimes.  On the other hand, defendants have cited to *Swan v. Boardwalk Regency Corp.*, 407 N.J.Super. 108 (App. Div. 2009), a New Jersey case in which the court held that defendant's discharge of the plaintiff was not violative of *Pierce* where a casino employee was placed on investigative suspension as a result of being named in a complaint brought by the Division of Gaming Enforcement. *See* (D.E. 10, p. 5; Defendants' Reply Brief ("Df. Reply")).[6]   In upholding the

---

[6] In support of their argument that plaintiff's alleged putative public policy violation is not an established cause of action, defendants also cite to persuasive authority. *See Borschel v. City of Perry*, 512 N.W. 2d 565, 568 (Iowa 1994) ("statutory presumption of innocence does not impl[y] a public policy applicable in the employment context…this right is limited to criminal proceedings"); *Cisco v. UPS*, 476 A.2d 1340, 1344 (Pa.

dismissal of plaintiff's wrongful termination claim, the *Swan* court affirmed the defendant-employer's right to make a business decision to terminate an employee who was the subject of "scandalous allegations." *Swan*, *supra*, 407 N.J.Super. at 116.

A comprehensive review of New Jersey and Third Circuit case law has not yielded a single decision in which a court has sustained a cause of action for wrongful termination in violation of the public policy of "innocent until proven guilty." Similarly, plaintiff has not cited to, nor has this Court identified any other sources, e.g., statutes, administrative rules, regulations or decisions and/or any professional codes of ethics in which the criminal law presumption of innocence has been incorporated into labor and employment law. Surely, an individual is entitled to the presumption of innocence with respect to criminal proceedings; however, employers are not required to honor this presumption when making business decisions including deciding whether to maintain or terminate an at-will employment relationship. As such, Count One of plaintiff's Proposed Amended Complaint fails the futility test, as the alleged facts, taken as true, fail to state a viable cause of action.

---

1984) (discharge of employee who was accused of theft and ultimately acquitted did not violate public policy of Pennsylvania.)

### 2)   Count Four

Count Four of Plaintiff's Proposed Amended Complaint states a putative claim for reckless and negligent misrepresentations. *See* (D.E. 9-3, ¶ 36).  More specifically, paragraph 36 of the proposal states: "The representations made by Walgreens were reckless and negligent." *Id.* In replacing the word 'termination' in paragraph 36 with 'representations' in her Proposed Amended Complaint, Plaintiff attempts to make it clear "that the "negligence" alleged in the former Complaint was in fact negligent misrepresentation as opposed to some other form of negligence."

Defendants, in their opposition brief, reiterate the argument asserted in their Motion to Dismiss that Count Four still fails to state a viable claim.  (D.E. 10, p. 6). Defendants argue that replacing the word 'termination' with 'representations' does nothing to overcome the bar against negligence claims established by the New Jersey Workers' Compensation Act ("WCA), N.J.S.A. 34:15-1, *et seq.* [D.E. 10, p. 6]; *see also,* D.E. 4-1, p. 8. (*citing* N.J.S.A. 34:15-8 (exclusive remedy provision)).

Various courts in New Jersey and in this Circuit have held that the WCA is the exclusive remedy available to workers for all negligence claims against employers. *See Mardini v. Viking*

17

*Freight Inc.,* 92 F.Supp.2d 378 (D.N.J. 1999)(An action for negligent supervision by an employee against an employer in New Jersey is barred by the New Jersey Workers' Compensation Act),. *Silvestre v. Bell Atlantic Corp.,* 973 F.Supp. 475, 486 (D.N.J.1997), *aff'd,* 156 F.3d 1225 (3d Cir.1998) (*citing Fregara v. Jet Aviation Bus. Jets,* 764 F.Supp. 940, 954 n. 8 (D.N.J.1991)) (dismissing plaintiff's cause of action for "negligent evaluation," and noting that "plaintiff cannot pursue any cause of action based upon negligence due to the exclusive remedy provision set forth in the New Jersey Workers' Compensation Act"); *Wellenheider v. Rader,* 49 N.J. 1, 9, 227 A.2d 329 (1967); *Millison v. E.I. du Pont de Nemours & Co.,* 101 N.J. 161, 165, 501 A.2d 505 (1985) (characterizing N.J.S.A. 34:15-8 as an "exclusive remedy"). This Court finds the afore-referenced authorities highly persuasive. Consequently, Count Four of the Proposed Amended Complaint fails the futility test.

### 3)   Count Seven

Count Seven of the Proposed Amended Complaint (formerly Count Six) contains the following additional language (paragraph 44):

> Walgreens, knowing that Plaintiff was going through defending herself against unfounded criminal complaint, knowingly and willfully terminated her employment without advising her of same while at the

18

same time, providing individuals to testify on her
behalf in the criminal matter. [sic]

As Defendants argued in their brief, the averments in paragraph
44 of the proposal quoted above (coupled with the other
allegations in the Proposed Amended Complaint in general and in
Count Seven in particular) fails to state a claim that would
entitle Plaintiff to any relief from Defendants. Paragraph 44
alleges that defendants:

> 1. Knew that plaintiff was defending herself
>    against unfounded criminal charges;
>
> 2. Knowingly and willfully terminated her;
>
> 3. Did not advise plaintiff that she was
>    terminated;
>
> 4. Provided individuals to testify on behalf of
>    plaintiff in her criminal trial.

These alleged, acts and/or omissions by defendants, even if
true, do not individually or collectively constitute any
recognized cause of action in the State of New Jersey. As such,
Count Seven of the Proposed Amended Complaint is futile.

**4)   Count Five**

Despite the fact that Defendants did not posit a futility
argument regarding Count Five of the Proposed Amended Complaint,
this Court has applied the futility test to this proposed

19

additional claim and has concluded that Count Five, as pled, passes the futility test.   Although, the Court has not identified any New Jersey cases in which a cause of action for "intentional misrepresentation" was alleged and/or sustained in the context of a putative wrongful termination, the Court is satisfied that Count Five may be liberally read to state a claim for fraudulent, i.e., "intentional" misrepresentation.  *See Konover Const. v. East Coast Const. Services*, 420 F.Supp.2d 366, 370 (D.N.J. 2006)(*citing Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610, 691 A.2d 350 (1997)(reciting the elements of fraudulent misrepresentation: 1)a material misrepresentation of a presently existing or past fact; 2) knowledge or belief by the defendant of its falsity; 3) an intention that the other person rely on it; 4) reasonable reliance thereon by the other person; and 5) resulting damages)

IV.   **CONCLUSION**

As discussed at length, *supra*, Counts One, Four and Seven all fail the futility test, as each count fails to state a claim upon which relief may be granted.   Therefore, for the foregoing reasons, and good cause shown,

IT IS on this 24th day of June, 2013,

**ORDERED** that Plaintiff's Motion to Amend her pleading is **denied** with respect to Counts One, Four and Seven of the Proposed Amended Complaint; and **granted** with respect to Count Five of the Proposed Amended Complaint; and it is further

**ORDERED** that Plaintiff's Proposed Amended Complaint shall be filed, thereby becoming the operative pleading to which Defendants shall file a responsive pleading within the time required by the Federal Rules of Civil Procedure. Defendants shall not respond to any portions of the Amended Complaint that have been determined herein to be futile, namely: Counts One, Four and Seven.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/24/2013 6:28:53 PM