<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAPHIRA ANDRE,<br><br>**Plaintiff,**<br><br>v.<br><br>WALGREEN COMPANY, WALGREEN COMPANY-DISTRICT 252,<br><br>**Defendants.** | Civil Action No. 12-5413 (ES)<br><br>OPINION |

<u>SALAS, DISTRICT JUDGE</u>

    This matter comes before the Court on Defendants Walgreen Company and Walgreen Eastern Co., Inc.'s (incorrectly named in the Complaint as "Walgreen Company-District 252") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. No. 14). Defendants contend that Count Six of Plaintiff's Amended Complaint, (D.E. No. 1-1, "Compl."), should be dismissed because Plaintiff has not alleged facts to support an intentional infliction of emotional distress claim. (D.E. No. 14, Memo of Law in Supp. of Defs' Renewed Mtn. to Dismiss Count Six of the Compl. ("Def. Br.")). The Court has considered the parties' submissions in support of, in opposition to, and in reply of the opposition to the instant motion, and decides the matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss Count Six is GRANTED with prejudice.

**I.    Background**

    Plaintiff was a pharmacist employed by Defendant Walgreen at its 600 Newark Avenue, Elizabeth, N.J. location. (Compl. ¶ 2). Plaintiff alleges that on or about October 12, 2009, she was summoned to a meeting with her supervisor, John Colaizzi, and a representative from

Walgreen's loss prevention department. (Compl. ¶ 9, 10). At the meeting, Plaintiff was asked about "certain legal matters that she was involved with in Pennsylvania." (Compl. ¶ 11). Plaintiff was also told that she was "suspended pending the outcome of an impending trial in Pennsylvania." (Compl. ¶ 13). Eventually, the suspension became a termination and the criminal matter did not result in a conviction. (Compl. ¶ 18). As such, Plaintiff alleges, her termination was illegal and improper. (Compl. ¶ 19). As a result of her termination, Plaintiff further alleges she has suffered emotional distress. (Compl. ¶ 42). Such emotional distress is the subject of the instant motion. (Def. Br. at 3).

## II. Discussion

### a. Legal Standard

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The moving party has the burden to demonstrate that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). But, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. A complaint that merely recites the elements of a cause of action without further factual support is insufficient. *Id.* at 678.

### b. Analysis

Defendants contend that Plaintiff has failed to allege any facts "that even remotely resemble outrageous and atrocious conduct by the Defendants." (Def. Br. at 3). In response, Plaintiff contends that if she can prove Walgreen's actions were "intentional and reckless," pursuant to Count Five of the Amended Complaint, then a jury could also find that Walgreen's "actions were extreme and outrageous as required by New Jersey case law." (D.E. No. 16, Memo in Opp. to Defs' Mtn. to Dismiss Count Six of the Compl., ("Pl. Op. Br.") at 2).

To properly bring a claim for intentional infliction of emotional distress ("IIED"), Plaintiff must establish "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Buckley v. Trenton Sav. Fund Soc'y,* 111 N.J. 355, 366 (1988). "For an intentional act to result in liability, the defendant must intend both to do the act and to produce emotional distress. Liability will also attach when the defendant acts recklessly in deliberate disregard of a high degree of probability that emotional distress will follow." *Id.* Further, the plaintiff must demonstrate that the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Jewett v. IDT Corp.,* No. 04-1454, 2008 WL 508486, at *4 (D.N.J. Feb. 20, 2008) (internal quotations and citations omitted).

Here, Defendants argue that Plaintiff has offered no facts that speak to the outrageous conduct required for a valid IIED claim. (Def. Br. at 3). This Court agrees. In her Amended Complaint, Plaintiff merely states, by reference to the other counts in her Amended Complaint, that "as a result of the acts and actions of Walgreens . . . Plaintiff was caused to suffer emotional distress." (Compl. ¶ 42).

3

In opposing the instant motion, Plaintiff fails to highlight any additional facts that would substantiate a claim for intentional infliction of emotional distress. Plaintiff merely contends that courts have "considered the employer/employee relationship a significant fact in determining whether liability for the tort of intentional or reckless emotional distress could be found." (Pl. Op. at Br. 2 *citing Taylor v. Metzger*, 152 N.J. 490, 512 (1998)). While the Court is cognizant of such a relationship and the heightened standard placed on employers in the IIED context, Plaintiff still fails to point to a single act that would constitute outrageous behavior on the part of Defendants. *Taylor* and its cited cases all include conduct by a defendant aimed at a plaintiff, including but not limited to a defendant calling a plaintiff a "jungle bunny." *Id*. at 513. No such conduct, or anything slightly resembling such conduct, was aimed at Plaintiff in the instant matter.

The Court has combed over the Amended Complaint and found no alleged conduct on the part of Defendants that would rise to a level "beyond all possible bounds of decency." *Buckley*, 111 N.J. at 366. No act allegedly committed against Plaintiff, including the suspension, termination, and deprivation of unemployment benefits—rise to the level of being "utterly intolerable in a civilized society," as required by the Third Circuit. *Cox v. Keystone Carbon Co.,* 861 F.2d 390, 395 (3d Cir. 1988) (internal citation omitted).

### III. Conclusion

For these reasons, Defendants' Motion to Dismiss Count Six of the Complaint is **GRANTED**. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**