## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

March 24, 2014

## LETTER OPINION & ORDER

Re:  *Andre v. Walgreen Co., et al.*
     Civil Action No. 12-5413 (ES)

Dear Counsel:

Pending before this Court is Plaintiff Saphira Andre's appeal of Magistrate Judge Steven C. Mannion's denial of Plaintiff's cross-motion to amend her Complaint, pursuant to Fed. R. Civ. P. 15(a). (D.E. No. 15, Memo in Support of Pl.'s Mot. Appealing Mag. Steve Mannion's Denial of Pl.'s Cross-Motion to Amend Count One of the Compl. ("Pl. Br.")). Plaintiff contends that Judge Mannion read the controlling case law too narrowly and committed error in denying Plaintiff's motion. (Pl. Br. at 1). For the reasons that follow, the Court affirms Judge Mannion's Opinion and Order dated June 24, 2013. (D.E. No. 12, Judge Mannion's Opinion and Order on Plaintiff's Cross-Motion for Leave to Amend her Complaint ("Mag. Op.")).

### A. Legal Standard

A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *see also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A finding is clearly erroneous "when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992). Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. *See Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996). The court will, however, review a magistrate judge's legal conclusions under de novo review. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Id.*; *see also* 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 3069 (2d ed. 1997) ("[M]any matters such as discovery scheduling or disputes might better be characterized as

suitable for an abuse-of-discretion analysis."). The deferential standard of review is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings. *Cooper Hosp.,* 183 F.R.D. at 127 (quoting *Public Interest Research Group v. Hercules, Inc.,* 830 F. Supp. 1525, 1547 (D.N.J. 1993), *aff'd on other grounds and rev'd on other grounds,* 50 F.3d 1239 (3d Cir.1995)).

### B. The Magistrate Judge's June 24, 2013 Order Did Not Constitute an Abuse of Discretion and Was Not Clearly Erroneous or Contrary to Law

Plaintiff argues that the Magistrate Judge erred in denying Plaintiff's motion to amend. Specifically, Plaintiff contends that Judge Mannion erred in narrowly interpreting the public policy exception enunciated in *Pierce v. Ortho Pharm. Corp.,* 84 N.J. 58 (1980). (Pl. Br. at 1). Plaintiff disagrees with Judge Mannion's application of *Pierce*. Specifically, Plaintiff disagrees that

> [I]t is evident that the putative public policy that plaintiff asserts in her Proposed Amended Complaint is not of the nature contemplated by the *Pierce* Court. Plaintiff was not suspended and ultimately terminated as a result of her refusing to violate a well-established public policy mandate in the course of her employment.

(Mag. Op. at 14).

Plaintiff contends that the public policy exception announced in *Pierce* is not limited to cases where employment is terminated because Plaintiff refused "to violate a well-established public policy mandate in the course of her employment." (Pl. Br. at 4). Plaintiff argues that an employee may maintain a wrongful termination claim as long as the employee ascertains a violation of a clearly established right. (*Id*. at 5 *citing Hennessey v. Coastal Eagle Point Oil Co.*, 129 N.J. 81, 91 (1992)). Here, Plaintiff asserts that her right to the presumption of "innocent until proven guilty" was violated by Defendants when they suspended and terminated her employment. (Pl. Br. at 5).

In response, Defendants argue that Plaintiff's proposed amendment to Count One of the Complaint does not fall under any the *Pierce* exceptions. (Def. Op. at 1.). Specifically, Defendants maintain that the public policy in favor of presuming innocence until proven guilty only applies to criminal proceedings, and is inapplicable to a private employer and that employer's decision to undertake business decisions. (*Id.* at 3).

Moreover, Defendants assert that, "even if 'innocent until proven guilty' were a clear mandate of public policy, [Defendant] did not implicate that policy in suspending and discharging Plaintiff." (*Id.* at 4). Defendants aver that Plaintiff was, in fact, not innocent, but was actually found guilty of arson at the time of her suspension on October 12, 2009. (*Id.*). Defendants note "[t]he fact that Plaintiff may have entered into a plea deal years [after her conviction] did not affect Walgreens' right to suspend her based upon its knowledge of her [conviction] as of October 9, 2009." (*Id.*).

Under Fed. R. Civ. P. 15, a court may deny leave to amend in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. (*See* Mag. Op. at 7; *Foman*, 371 U.S. at 183); *see also Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (supporting the notion that, absent undue delay, substantial prejudice, a dilatory motive or bad faith, leave to amend should be granted unless the proposed amendment(s) would be futile). Accordingly, Judge Mannion noted that since Defendants have not alleged any undue delay, bad faith, dilatory motive, or undue prejudice, he would proceed to decide Plaintiff's motion under a futility analysis. (Mag. Op. at 7).

A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck*, 133 F.R.D. 462, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is futile or "insufficient on its face," the Court employs the same standard that is applied under a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Under a Rule 12(b)(6) analysis, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In the instant motion, Plaintiff has not set forth adequate information to support her contention that "innocent until proven guilty" is a recognized right outside the criminal-proceeding context. Thus, Plaintiff fails to state a legally cognizable claim for which relief could be granted. It is clear that Judge Mannion properly considered the relevant case law in denying Plaintiff's motion. In support of his denial, Judge Mannion notes that "plaintiff has not cited any New Jersey cases or cases from this circuit applying New Jersey law that have recognized a cause of action for wrongful termination where an employee was suspended and/or terminated as a result of being charged with [crimes unrelated to the employment]." (Mag. Op. at 15). Plaintiff takes issue with this determination by pointing out that "no New Jersey case has held that firing an employee who is defending themselves against criminal charges does not violate public policy." (Pl. Br. at 6). While this Court may agree with such a statement, it is unwilling to find such a violation of public policy in the instant matter.

Judge Mannion properly highlighted Defendants' argument surrounding *Swan v. Boardwalk Regency Corp.*, 407 N.J. Super. 108, 116 (App. Div. 2009). There, the New Jersey Appellate Division affirmed an employer's right to make a business judgment to discharge an employee who is the subject of "scandalous allegations." (Mag. Op. at 16 *citing Swan*, 407 N.J. Super. at 115). Here, Plaintiff was the subject of more than mere "scandalous allegations"; at the time of suspension by Defendants, Plaintiff was found guilty of arson.[1]

---

[1] To be sure, Plaintiff was suspended on October 12, 2009 after the guilty verdict. Plaintiff did not advise Walgreens that she had filed an appeal of the conviction until November 2011. (D.E. No. 17, Memo of Law in Opp. to Pl.'s Appeal of the June 25, 2013 Decision of Mag. Judge Steven C. Mannion, at 4 n.3).

      Thus, Judge Mannion properly decided that granting Plaintiff leave to amend Count One of the Complaint would be futile, as it fails to state a claim upon which relief could be granted.  (Mag. Op. at 8).

      For the foregoing reasons, Plaintiff's appeal is hereby DENIED.

      **SO ORDERED**.

      *s/Esther Salas*
      **Esther Salas, U.S.D.J.**